UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

MARY D. DAVIS,
       Appellant,

    v.

UNITED STATES POSTAL SERVICE,
       Agency.

DOCKET NUMBER
PH-0353-10-0500-X-1

DATE: May 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Paul A. Bureau, Nashua, New Hampshire, for the appellant.

Anna V. Crawford, Esquire, Windsor, Connecticut, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The Board issued a nonprecedential final order finding the agency in noncompliance with the Opinion and Order in the underlying restoration appeal. MSPB Docket No. PH-0353-10-0500-C-1, Compliance Order. For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2     On September 13, 2013, the Board issued an Opinion and Order finding that the agency arbitrarily and capriciously denied the appellant restoration as a partially recovered individual. MSPB Docket No. PH-0353-10-0500-B-1, Opinion and Order at 1-2 (Sept. 13, 2013). The Board ordered the agency to conduct a proper search for available tasks, consistent with the criteria laid out in the Opinion and Order. *Id.* at 2.

¶3     The appellant filed a petition for enforcement, and the administrative judge issued a compliance initial decision finding the agency in noncompliance with the Opinion and Order. MSPB Docket No. PH-0353-10-0500-C-1, Compliance Initial Decision at 4 (Mar. 20, 2014). The administrative judge ordered the agency to submit "documentation of available tasks or work within the local commuting area that it searched for retroactive to April 2009." *Id.* at 7. If the agency found available work to which it could have assigned the appellant, it was ordered to pay her back pay, with interest, and benefits. *Id.* at 7-8.

¶4     The appellant petitioned for review. On February 25, 2015, the Board issued a nonprecedential final order affirming the compliance initial decision, with some modification to the search terms. Compliance Order at 2. The Board ordered the agency to submit documentation regarding available tasks and positions within the local commuting area between April 2009 and December 28, 2009. *Id.* at 7. If the agency's search uncovered available work to which it could have restored the appellant, the agency was required to pay her back pay, with interest, and benefits. *Id.*

¶5     The Board referred the case to the Office of General Counsel to obtain compliance. On March 3, 2015, the Board issued an acknowledgement order instructing the agency to file the evidence required by the February 25, 2015 final order. MSPB Docket No. PH-0353-10-0500-X-1, Compliance Referral File (CRF), Tab 5 at 2. The Board informed the appellant that if she did not file a response within 15 days of the date of service of the agency's submission, the

Board might assume she was satisfied and dismiss her petition for enforcement. *Id.*

¶6       On March 17, 2015, the agency submitted evidence of purported compliance, stating that it had paid the appellant back pay, with interest, and benefits for the period between April 1, 2009, and December 28, 2009. CRF, Tab 6 at 4. The appellant did not file a response.

¶7       Because the agency has submitted evidence of purported compliance and the appellant has not challenged it, we now find the agency in compliance, assume the appellant is satisfied, and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5

of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* [42 U.S.C. § 2000e5](f) and [29 U.S.C. § 794a].


FOR THE BOARD:                    _____

                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.